

FILED
2022 Jul-08  AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| BILLY RAY McCONNELL, | ) |
| | ) |
|     Plaintiff, | ) <u>Jury Trial Demanded</u> |
| | ) |
| v. | ) |
| | ) Case No.: _____ |
| SANJEEV KUMAR; | ) |
| AKS TRUCKLINES INC.; | ) |
| LIBERTY MUTUAL INSURANCE COMPANY; | ) |

No.1, whether singular or plural, the driver of the motor vehicle which collided with the plaintiff's motor vehicle and whose negligence caused the plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No.2, whether singular or plural, the owner of the motor vehicle which collided with the plaintiff's motor vehicle on the occasion made the basis of this lawsuit;

No.3, whether singular or plural, that entity who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;

No.4, whether singular or plural, that entity who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit;

No.5, whether singular or plural, that entity, individual, or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit;

No.6, whether singular or plural, that entity who or which was the master or principal of the driver of the motor vehicle(s) involved in the occurrence made  the basis of this lawsuit;

No.7, whether singular or plural, that entity for whom the driver of the motor vehicle which collided with the plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision;

No.8, whether singular or plural, that entity on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence;

No.9, whether singular or plural, that entity who entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence;

No.10, whether singular or plural, that entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring   of drivers of any of the vehicles involved in the occurrence made the basis of   this lawsuit;

No.11, whether singular or plural, that entity other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No.12, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occurrence made the basis of this lawsuit including, but not limited to, uninsured or underinsured motorist coverage;

No.13, whether singular or plural, that entity other than those entities described above, which is the successor in interest of any of the entities described above;

No.14, whether singular or plural, that entity other than those described above, which was the predecessor corporation of any of the entities described above;

)

   Defendants.                              )

## COMPLAINT

### Statement of the Parties and Jurisdiction

1.    The plaintiff, Billy Ray McConnell, is over the age of nineteen (19) years old and was at all times material to the present action a resident of Russell County and a citizen of the state of Alabama.

2.    The defendant, Sanjeev Kumar, is over the age of nineteen (19) years old and was at all times material to the present action a resident and citizen of California.

3.     The defendant, AKS Trucklines Inc. was at all times material to the present action, incorporated under the laws of the state of California and operating as an interstate motor carrier (USDOT Number 3266376) with its principal place of business located in Fresno, California.

4.     The defendant, Liberty Mutual Insurance Company, is a foreign corporation that has a principal place of business in Boston, Massachusetts.

5.     Fictitious party Defendants No.1 through No. 14, whether singular or plural, are the individuals and/or entities, other than those previously identified, who are described above and whose correct identities are unknown to Plaintiff at this time but will supplemented by amendment once ascertained.

6.     Venue is proper in this division and district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this division and district.

7.     The matter in controversy exceeds, exclusive of costs, seventy-five thousand dollars ($75,000.00). Because there is complete diversity of the parties, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## Statement of Facts

8.     On or about July 20, 2021, Mr. McConnell was stopped in the road with the rest of traffic on I-20 in Cleburne County, Alabama due to a previous wreck.

3

9.      At that time, Mr. McConnell was driving a tractor-trailer for his company SAIA.

10.    Mr. McConnell had just begun to move forward when Defendant Sanjeev Kumar, who was also operating a tractor-trailer, failed to exercise reasonable care by crashing directly into the rear of Mr. McConnell.

11.    At that time, Sanjeev Kumar was driving a tractor-trailer within the line and scope of his employment for AKS Trucklines Inc ("AKS").

12.    As a proximate consequence of the collision, Mr. McConnell was caused to suffer the following injuries and damages:

(a)    He suffered severe back injuries, requiring surgical treatment;

(b)    He suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

(c)    He suffered permanent injuries, scarring, disability, and disfigurement;

(d)    He suffered a loss of his enjoyment of life;

(e)    He has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of his injuries;

(f)    He has been caused to be permanently unable to pursue his normal and usual activities; and

(g)     He was caused to suffer and, in the future, will suffer a substantial loss of earnings and wages, and other benefits.

13.     At the time of the incident mentioned above, and at all times relevant to this Complaint, Sanjeev Kumar was an employee, servant, and/or agent of AKS acting within the line and scope of his duties and employment.

## **Count 1: Negligence Against Sanjeev Kumar and AKS**

14.     Plaintiff restates and re-avers each and every allegation set forth above.

15.     Sanjeev Kumar, as an employee, servant, and/or agent of AKS, had a duty to exercise reasonable care in driving the tractor-trailer owned by AKS.

16.     Sanjeev Kumar, as an employee, servant, and/or agent of AKS, negligently breached that duty.

17.     AKS is vicariously liable for the actions of its employees, servants, and/or agents, including Sanjeev Kumar.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment, determined by a struck jury, against each of the defendants, Sanjeev Kumar, AKS Trucklines Inc., and Liberty Mutual Insurance Company, jointly and severally, and that it award damages in an amount which will adequately compensate him for the injuries and damages that he has suffered and will suffer. Further, Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award

Plaintiff interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

### Count Two: Wantonness Against Sanjeev Kumar and AKS

18.     Plaintiff restates and re-avers each and every allegation set forth above.

19.     Sanjeev Kumar, as an employee, servant, and/or agent of AKS, had a duty to exercise reasonable care in driving the tractor-trailer owned by AKS.

20.     Sanjeev Kumar, as an employee, servant, and/or agent of AKS, wantonly breached that duty.

21.     AKS is vicariously liable for the actions of its employees, servants, and/or agents, including Sanjeev Kumar.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment, determined by a struck jury, against each of the defendants, Sanjeev Kumar, AKS Trucklines Inc., and Liberty Mutual Insurance Company, jointly and severally, and that it award damages in an amount which will adequately compensate him for the injuries and damages that he has suffered and will suffer. Plaintiff further demands an award of punitive damages in an amount sufficient to punish Defendants, protect the public, and prevent similar wrongs in the future. Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award Plaintiff interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## Count Three: Negligent/Wanton Hiring, Training, Supervision and Retention Against AKS

22.     Plaintiff restates and re-avers each and every allegation set forth above.

23.     On or about July 20, 2021, Sanjeev Kumar was an employee, servant, and/or agent of AKS acting within the line and scope of his duties and employment.

24.     AKS had a duty to use ordinary care when Sanjeev Kumar was hired, trained, supervised, and retained.

25.     AKS negligently and/or wantonly breached that duty.

26.     That negligence and/or wantonness combined and concurred with the actions of Sanjeev Kumar to proximately harm Plaintiff as described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment, determined by a struck jury, against each of the defendants, Sanjeev Kumar, AKS Trucklines Inc., and Liberty Mutual Insurance Company, jointly and severally, and that it award damages in an amount which will adequately compensate him for the injuries and damages that he has suffered and will suffer. Plaintiff further demands an award of punitive damages in an amount sufficient to punish Defendants, protect the public, and prevent similar wrongs in the future. Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award Plaintiff interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## Count Four: Negligent/Wanton Entrustment Against AKS

27.     Plaintiff restates and re-avers each and every allegation set forth above.

28.     On or about July 20, 2021, AKS was the owner of and had the right of control over the use of the tractor-trailer driven by Sanjeev Kumar, and negligently and/or wantonly entrusted said vehicle to Sanjeev Kumar who negligently and/or wantonly operated said vehicle causing harm to Plaintiff as described above.

29.     AKS entrusted said vehicle to Sanjeev Kumar and is therefore liable to Plaintiff.

30.     Said negligent and/or wanton entrustment combined and concurred with the actions of Sanjeev Kumar to cause harm to Plaintiff as described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands judgment, determined by a struck jury, against each of the defendants, Sanjeev Kumar, AKS Trucklines Inc., and Liberty Mutual Insurance Company, jointly and severally, and that it award damages in an amount which will adequately compensate him for the injuries and damages that he has suffered and will suffer. Plaintiff further demands an award of punitive damages in an amount sufficient to punish Defendants, protect the public, and prevent similar wrongs in the future. Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award Plaintiff interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## Count Five: Uninsured/Underinsured Motorist

31.     Plaintiff restates and re-avers each and every allegation set forth above.

32.     This Count is brought against Liberty Mutual Insurance Company ("Liberty Mutual") and Fictitious Defendant No. 12, pursuant to the Uninsured/Underinsured Motorist Statute, Ala. Code § 32-7-23.

33.     At all times material to this Complaint, Plaintiff was insured by, or beneficiary to, policies of insurance issued by Defendant Liberty Mutual and Fictitious Defendant No. 12, whereby said Defendants were to provide him with protection against bodily injury and property damage by uninsured and underinsured motorists for and in consideration of a premium paid to said Defendants by or on behalf of Plaintiff.

34.     Plaintiff further avers that his injuries and damages herein described arose out of and were a proximate consequence of the negligent and/or wanton conduct of uninsured or underinsured motorists, as aforesaid; that, at the time of Plaintiff's said injuries and damages arising out of the wreck caused by said uninsured or underinsured motorist, Plaintiff's aforesaid policy of insurance was in full force and effect and all premiums were paid according to the terms of said policies; and that the Defendants, Liberty Mutual and Fictitious Defendant No. 12, have failed to pay for said bodily injuries and damages as suffered by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment, determined by a struck jury, against each Defendant Liberty Mutual and Fictitious Defendant No. 12, for uninsured/underinsured motorist benefits in the sum equal to the policy limits recoverable under each and every policy provided, including benefits afforded through stacking, together with interest from the date of injury and the costs of this proceeding.

### **Count Six: Vicarious Liability Claim Against Fictitious Defendants**

35.     Plaintiff adopts and re-alleges each of the foregoing paragraphs as if they were set out fully herein.

36.     On or about July 20, 2021, Defendant, Sanjeev Kumar, while acting as an agent, servant, or employee within the line and scope of his employment with Fictitious Defendants No. 6, 7, and/or 8, negligently and/or wantonly caused his vehicle to collide with the motor vehicle being driven by Plaintiff.

37.     Said negligence and/or wantonness combined and concurred with the actions of the other Defendants, including Fictitious Defendants, to proximately harm Mr. McConnell as described above.

38.     As a result, Fictitious Defendants No. 6, 7, and/or 8 are vicariously liable to Mr. McConnell for the negligent and/or wanton conduct of Sanjeev Kumar, who was acting as their agent, servant, or employee at the time of said negligent and/or wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment, determined by a struck jury, against each Defendant, Sanjeev Kumar, AKS Trucklines Inc., and Liberty Mutual Insurance Company, and Fictitious Defendant No. 6 through 8, jointly and severally, and that it award damages in an amount which will adequately compensate him for the injuries and damages that he has suffered and will suffer. Plaintiff further demands an award of punitive damages in an amount sufficient to punish Defendants, protect the public, and prevent similar wrongs in the future. Further, Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award Plaintiff interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## **Count Seven: Other Claims Against Fictitious Defendants**

39.     Plaintiff adopts and re-alleges each of the foregoing paragraphs as if they were set out fully herein.

40.     Fictitious Defendants No. 2, 3, 4, 5, and 6 were the owners of and/or had the authority and/or responsibility for the condition or state of the motor vehicle driven by Defendant, including the authority to supervise the maintenance, upkeep, and repair of said vehicle. Said Defendants negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries.

41.     Fictitious Defendants No. 2, 3, 4, 5, 6, 7, 8, 9, and 10, were the owners of and/or had the authority and/or responsibility for driver training and/or driver safety, entrusted the vehicle to the driver, or employed the driver. Said Defendants negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries.

42.     Fictitious Defendant No. 11 was that entity other than those entities described above whose breach of contract or warranty contributed to cause Plaintiff's injuries.

43.     Fictitious Defendant No. 12 was that entity who or which issued any policy of insurance which provided coverage for Plaintiff's injuries in the occurrence made the basis of this lawsuit. Said defendant has failed to pay for the bodily injuries and damages suffered by Plaintiff.

44.     Fictitious Defendant No. 13 was the successor in interest to one or more of the other Defendants identified by name or fictitiously in this Complaint. As the successor in interest to such other Defendants, Fictitious Defendant No. 13 is liable to Plaintiff for the negligence and/or other wrongful conduct of such other Defendants, as described above, which proximately caused Plaintiff's injuries and damages as previously described.

45.     Fictitious Defendant No. 14 is the predecessor of one or more of the other Defendants identified by name or fictitiously in this Complaint. As the predecessor to such other Defendants, Fictitious Defendant No. 14 is liable to Plaintiff for the negligence and/or other wrongful conduct of such other Defendants, as described above, which proximately caused Plaintiff's injuries and damages as previously described.

46.     As a proximate consequence of the aforesaid wrongful conduct of Fictitious Party Defendants No. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and/or 14, Plaintiff was injured and damaged as previously described.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands judgment, determined by a struck jury, against each Defendant Sanjeev Kumar, AKS Trucklines Inc., Liberty Mutual Insurance Company, and Fictitious Defendant Nos. 2-12 and 13-14, jointly and severally, and that it award damages in an amount which will adequately compensate him for the injuries and damages that he has suffered and will suffer. Plaintiff further demands an award of punitive damages in an amount sufficient to punish Defendants, protect the public, and prevent similar wrongs in the future. Further, Plaintiff requests that the Court enter judgment consistent with the verdict and that it also award Plaintiff interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## **Jury Demand**

47.    Plaintiff hereby demands a struck jury for the trial in this cause.

Respectfully submitted,

*s/ Dylan P. Scilabro*
Attorney for Plaintiff

OF COUNSEL:
Derrick A. Mills
Dylan P. Scilabro
MARSH, RICKARD & BRYAN P.C.
800 Shades Creek Parkway; Suite 600-D
Birmingham, Alabama 35209
P: (205) 879-1981
F: (205) 879-1986
dmills@mrblaw.com
dscilabro@mrblaw.com

### Request for Service by Certified Mail

Plaintiff Billy Ray McConnell requests the Clerk to immediately issue a summons for the defendants so they can be served by certified U.S. Mail pursuant to F.R.C.P. 4(e)(1) and A.R.C.P. 4(i)(2).

Sanjeev Kumar
5735 E Back Ave Apt 104
Fresno, California 93727

AKS Trucklines Inc.
6319 West Ashlan Avenue
Fresno, California 93723

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, Massachusetts 02116

*s/ Dylan P. Scilabro*
Of Counsel

14